UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY N. THOMPSON,<br><br>          Plaintiff,<br><br>     v.<br><br>JERRY HALL,<br><br>          Defendant. | Case No. 16-cv-04706-MEJ<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT & RECOMMENDATION** |

**INTRODUCTION & IN FORMA PAUPERIS APPLICATION**

On August 15, 2016, Plaintiff Tracey N. Thompson ("Plaintiff") filed a Complaint and an Application to Proceed In Forma Pauperis. Compl., Dkt. No. 1; Appl., Dkt. No. 3. A district court may authorize the start of a civil action in forma pauperis if the court is satisfied the would-be plaintiff cannot pay the filing fees required to pursue the lawsuit. 28 U.S.C. § 1915(a)(1). Plaintiff submitted the required documentation declaring she is unable to pay the costs of this action, and it is evident from the Application that Plaintiff's assets and income are insufficient to pay the court filing-fees. *See* Appl. Accordingly, the Court **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis. However, as Plaintiff did not yet consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge with the undersigned's **RECOMMENDATION** that the Complaint be **DISMISSED WITH LEAVE TO AMEND**.

**SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(E)(2)**

**A.     Legal Standard**

While the Court has granted Plaintiff's Application to Proceed In Forma Pauperis, it must also review Plaintiff's Complaint to determine whether the action may be allowed to proceed. The Court must dismiss the Complaint if it is frivolous, fails to state a claim upon which relief can

be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984) (quotation omitted). Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Moreover, when dismissing a case, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Thus, unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**B.       Allegations in the Complaint**

Plaintiff's Complaint alleges that Defendant Jerry Hall "used [Plaintiff] to open a nice big CVS Pharmacy store and mini market on 7th Street and Market Street" in San Francisco, California and that Hall "wishes to include [Plaintiff] in the profits since it was [Plaintiff's] idea to open a store there." Compl. at 1. She does not otherwise explain how Hall injured her.

Plaintiff also lists Stuart Murray as a Defendant, appearing to allege that he damaged her "right buttox and she had surgery on it[.]" *Id.* (errors in original). It is unclear if Plaintiff seeks to assert claims against Murray, however, as she crossed out his name and one of the allegations about her injury. *Id.* She also does not name Murray on her civil cover sheet. *Id.* at 2 (civil cover sheet included with the Complaint). Plaintiff's civil cover sheet also lists Mick Jagger as a Defendant, but again crossed out his name; the civil cover sheet further refers to Hall and Jagger as the attorneys for the Defendant. *Id.* Plaintiff did not make direct allegations against Jagger in her Complaint.

**C.       Analysis and Screening under 28 U.S.C. § 1915(e)(2)(B)**

Having carefully reviewed Plaintiff's Complaint, the undersigned recommends the district court dismiss this case with leave to amend. The Complaint fails to state a claim at this point for the following reasons:

First, Plaintiff has not alleged sufficient facts showing she is entitled to relief under Federal Rule of Civil Procedure 8(a). *See* Fed. R. Civ. P. 8(a)(2) (a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must provide a defendant with "fair notice" of the claims against it and the grounds for relief). Plaintiff provides very little background information about the basis for this lawsuit. She does not specify what if any wrongful conduct Defendant allegedly committed or specifically when and how. It is also not clear what relief Plaintiff actually seeks through this lawsuit and against whom.

Second, it is not clear that this Court has jurisdiction over this action. Federal courts such as this one have limited jurisdiction, which means that the United States Constitution limits the power of these courts to only hearing cases where the court has subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject matter jurisdiction is established by the party bringing the lawsuit in one of two ways: (1) by showing diversity of citizenship (diversity jurisdiction) or (2) by raising a federal question (federal question jurisdiction). *Id.* Subject matter jurisdiction is determined from the face of the complaint. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint); *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1189-90 (9th Cir. 1970) (same re: diversity jurisdiction). While Plaintiff contends this Court has jurisdiction based on the existence of a federal question in this action (*see* Civil Cover Sheet), she has not asserted any federal claim, nor has she demonstrated the parties are diverse or that the amount in controversy exceeds $75,000. Without more, the Court has no basis to exercise subject matter jurisdiction over this action.

While there may be other issues associated with Plaintiff's case that preclude her from bringing this action in this Court, based on the issues above, the undersigned finds dismissal of the current Complaint appropriate. Nonetheless, as Plaintiff is acting pro se, and given it is not clear what she seeks to allege at this point, theoretically it is possible the deficiencies of the Complaint could be cured by amendment. Consequently, the undersigned recommends the district court

3

grant Plaintiff one further opportunity to amend her Complaint.

## CONCLUSION

Based on the analysis above, the undersigned **RECOMMENDS** that the Complaint be **DISMISSED WITH LEAVE TO AMEND**.  Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

Finally, the undersigned notes that Plaintiff may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco ("JDC"), by calling 415-782-8982, or by signing up for an appointment on the15th Floor, Room 2796, of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California.  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available online at: http://cand.uscourts.gov/helpcentersf.  Plaintiff may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*.  It provides instructions on how to proceed at every stage of your case.  The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: September 19, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge