UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TRACEY N. THOMPSON**, <br> Plaintiff, <br> v. <br> **JERRY HALL**, <br> Defendant. | Case No. 16-cv-04706-YGR <br><br> **ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

By Order issued November 15, 2016 (Dkt. No. 10), Plaintiff was directed to file, no later than January 1, 2017, an updated address and amended complaint. As of January 9, 2017, plaintiff has not complied with the Court's order. Plaintiff has not filed anything with the Court since October 3, 2016. (Dkt. No. 7.)

Pursuant to Rule 41(b), a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) (recognizing courts' inherent authority to dismiss for lack of prosecution); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991) (same). But such a dismissal should only be ordered when the failure to comply is unreasonable. *McKeever*, 932 F.2d at 797. A district court should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 132-33 (9th Cir. 1987).

Here, the Court warned plaintiff in its Order that it was considering dismissing this lawsuit. Nonetheless, plaintiff has not provided a current address or amended the complaint. Furthermore, it has been more than three months since plaintiff has communicated with the Court. Accordingly, it is in the interest of justice and judicial efficiency to dismiss this action pursuant to Rule 41(b)

for failure to prosecute.

This action is therefore **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

This Order terminates this case.

**IT IS SO ORDERED.**

Dated: January 10, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**